24-1819 Western Missouri, DRE Health v. BRM Trades All right, Mr. Yingling, we'll hear from you first. May it please the Court, Patrick Yingling for DRE Health, the appellant. In this breach of contract case, the District Court resolved cross motions for summary judgment in favor of the appellee, BRM Trades. At a minimum, however, genuine disputes of material fact preclude summary judgment for BRM. This appeal centers on three points. First, the contract between the parties was comprised of both BRM's purchase order and DRE Health's invoice. Second, BRM's one-week delay in payment was a breach of the parties' immediate payment provision of the contract. And third, DRE Health's standard terms of sale precluded the lost profit damages that were awarded by the District Court in this case. And I'll start with the composition of the contract. Here, the District Court held that the purchase order was all by itself a fully formed contract as of July 29, and that DRE Health's invoice the next day, July 30, could only be part of the contract if it constituted an official modification of an existing contract. However, on July 30, when DRE Health sent that invoice, there was no existing contract. To be clear, on July 29, all that happened was that a buyer, BRM, issued a purchase order to a seller, DRE Health. The next day, July 30, DRE Health's first response to that purchase order was to send an invoice. It did not sign the purchase order at that time. When it comes down to it here, the District Court mistook which party issued the purchase order and when the purchase order was signed. According to the District Court, DRE Health issued the purchase order on July 29. But that's false. It is undisputed that the buyer, BRM, issued the purchase order on July 29. Also, according to the District Court, both parties signed the purchase order on July 29. But that's also false. Although BRM issued the purchase order on July 29 and put the July 29 date on the purchase order when it issued it, and DRE Health signed the purchase order eventually, there is no evidence in the record, and it did not happen that DRE Health signed that purchase order on July 29 such that there was an existing contract on that date. Also, the signatures on the purchase order are not dated July 29. There is no date for the signatures on that purchase order. Thus, in determining whether the invoice was part of the contract, the appropriate inquiry was not one of modification to determine if the invoice modified an existing contract. The appropriate inquiry was whether the parties intended that invoice to be part of the contract, and they did. I'll just briefly for the Court go through the record facts that support this. The first one is that after DRE Health sent that invoice, the very next business day, BRM responded not to reject the invoice, but to inquire regarding the product that was mentioned in the invoice. A few weeks later, this is the second point, BRM sent a demand letter to DRE Health, and in that demand letter they stated that the parties had formed a contract on, quote, July 30th, which was the date of the invoice, not the date that BRM issued that purchase order. Third, in that same demand letter, BRM relied on terms that were only relevant because DRE Health had listed those terms in the invoice email of July 30th. Fourth, in their counterclaim in this case, they attached what they purported to be the sales agreement. That sales agreement that they listed consisted of both the purchase order and the invoice. That's the exhibit to their counterclaim. Also in their counterclaim, when they refer to the parties entering into agreement, they refer to them doing so on July 30th, again, which is the date of the invoice and not the date that BRM issued the purchase order. So I think what this shows, the very most important fact, I almost forgot, is the deposition testimony of BRM's corporate representative, Mr. Markovits. When he was asked in his deposition if a, quote, two-page document which contains a DRE invoice and your purchase order is the sales agreement, he responded yes. Also, when asked whether he believed that the contract required BRM to pay immediately, he responded yes. I think what all this shows is that until it became advantageous for BRM to take the position and argue that the invoice was not part of the contract, the parties were on the same page that this contract consisted of both the purchase order and the invoice. At least, at a minimum, because of all this, there is a genuine dispute of material fact as to what made up this contract, whether the invoice was part of that contract. And it's for that reason that the court should at least send this back to the district court for further proceedings as to liability and damages. If it pleases the court, I'll move on to the second point here, and it pertains to the immediate payment provision, unless the court has... Let me add just a couple of questions. Sure. When was the invoice signed? The invoice was sent by DRE Health... Actually, I'm sorry. When was the purchase order signed? I can tell you, Your Honor, that the purchase order was signed after DRE Health sent the invoice on July 30th. I will say that in the record, I do not believe the email where DRE Health sent that signed purchase order to BRM was submitted by either party. But what I think is relevant for our purposes here is that there is absolutely no evidence that DRE Health signed that purchase order on July 29, which would need to be the case for the district court's analysis to be correct, that there was an existing contract at that time. Other than what you've mentioned, is there any evidence that the invoice... I know you've mentioned some about them accepting the invoice or acting as if the invoice was part of the contract. But was the invoice ever signed or explicitly accepted? The invoice was not signed by BRM. They responded after DRE Health sent the invoice and inquired regarding the products mentioned in the invoice, referred to terms in the invoice, acted all along like the invoice was part of the contract. It is not signed by BRM in that regard. The other thing I thought was a little peculiar, and maybe there's a reason for it, but this was never argued as a UCC matter. Right. It is a sale of goods, I would say. You're right that BRM in seeking summary judgment in the district court did not refer to the UCC. The district court did not refer to the UCC. I'd submit on appeal that if we're going to... I think in your reply brief, I think you even disclaimed that the UCC applied. Well, I don't know if we disclaimed that the UCC applied. I think our position is that it's too late to argue that a different set of rules applies now when they use a different set to get summary judgment in the district court. I think if we were to apply the UCC, we'd get the same results. I think it all comes down to the intent of the parties when it comes to contract formation, whether we're talking about the common law of contracts or the UCC. I have some concern about jurisdiction.  I know you want to talk about immediate payment, but it's kind of a threshold problem here, whether your appeal is untimely, whether there's a final judgment and so forth. I hear you saying you have several arguments in response to the motion, but what's the bottom line as to why it isn't untimely? I guess your main point is you don't think the docket entry triggered the 150-day period, but if we disagree with that, isn't the appeal untimely? No, Your Honor. I think the easiest way to dispose of this argument is one of forfeiture and waiver. I understand that argument, but let's say we say it's jurisdictional, and so you can't avoid the problem by claiming forfeiture. Right, so if you were of the view, and after I make this point, I just want to add one additional point to that one. But if you were of the view that it's jurisdictional, I would go back to this point that the text order that they're relying on is not a final judgment that would start the 150-day period. It's not a final appealable judgment. And the reason for that is it's an acknowledgment of a dismissal through stipulation, and it's one without prejudice. And I think the law is settled. Well, if that's true, then how do we have jurisdiction over the appeal? Because nothing else happened after that. Well, I think what else happened after that is that the parties came together with a joint motion for a final judgment that they signed and that the district court then entered in March. But it was still based on a dismissal without prejudice. So if your point is that a dismissal without prejudice cannot create a final judgment, we're still in the same position. That was my secondary question is even if it's timely, why isn't this a manufactured finality problem? I think two issues. I think the final civil judgment that the district court entered resolved that issue and dismissed the case entirely through the parties consenting to it being over at that time. And the fact that there was a prior dismissal without prejudice, I think that's solved such that there is a final judgment then in March of 2024. You mean just by labeling it a final judgment, you can make a dismissal without prejudice into a final judgment that couldn't otherwise be final? I think so because at that time, everybody was perfectly clear that the reason for this was to put a final judgment on the docket through Rule 58. If I may just go back to one point, Your Honor, and that is this one of whether it's procedural or jurisdictional, I am adamant and I suppose I think there's a very strong basis to say that this is just a procedural claims processing rule when it comes to Rule 58 and not a jurisdictional provision. Well, but Bowles says, of course, that the statutory timeline is jurisdictional. Right. And so in figuring out whether it's timely under the statute, we have to apply the rules of procedure. Right. And I think that distinction is an important one, right, because their argument is that under Rule 58, when was there a final judgment? And their argument to the district court was that there was a final judgment, there wasn't yet a final judgment on the docket, which is contrary to what they're arguing now. And I would just point out to the court, this is Hall v. Bowen, this court's decision from 1987 where the court says Rule 58 is not jurisdictional and may be waived by the parties. I think that is still good law, and I think that governs the issue here. Okay. Well, go ahead. You wanted to talk about immediate payment. I don't want to take all your time. I would just say that there is at least a genuine dispute of material fact as to immediate payment. I would also add before rebuttal time that even if the court disagrees with everything on liability and the points regarding the composition of the contract, a remand is still required with respect to damages here because of the standard terms of sale applying and the fact that BRM does not even defend the district court's analysis as to why those terms do not apply here and preclude lost profit damages. And if it pleases the court, I'll return on rebuttal with the remaining argument. Very well. Thank you for your argument. Ms. Lewis, we'll hear from you. May it please the court, my name is Ashlyn Lewis, and I represent the appellee BRM trades. I do want to switch texts. Actually, if you could pull it down.  Sorry. Okay. You can also adjust the podium on your right. There's a button that will go down if you wish. Thank you. Just make sure the microphone is where we can hear you. Can you hear me? So far. Okay, great. I do want to switch texts from the merits and focus on the jurisdictional issue because I do think that's dispositive of this appeal and we don't even need to get into the morass of the UCC in this case. So the dispositive question is whether the case is even before this court properly and that answer is no. The statute that limits this court's jurisdiction is 28 U.S.C. 2107 and that provides that a notice of appeal needs to be filed within 30 days after entry of the judgment. So the question we have here is when was judgment entered? The statute does not speak to that. So as Your Honor pointed out, we have to look to the rules for that. The two rules that are applicable here are the Appellate Rule 4A.7 and Civil Procedure Rule 58C. Those are substantively identical. And they both provide that entry happens at the very latest, 150 days after the judgment is entered on the civil docket. So what we're looking at here is this March 27, 2023 docket entry, which states, and I'm sorry, I left it out. The exact wording is, upon review, the dismissal is granted. Accordingly, it is hereby ordered that this case is dismissed without prejudice. The question when we're deciding on finality isn't whether it's with or without prejudice, but whether there was any equivocation by the trial court that said there's still something left to be decided. I don't know how you can read March 27, 2023 docket entry and think there's still something to be decided by the court here. It says this case is dismissed. The case law that Mr. Yingling is referring to regarding the dismissal without prejudice, those are all concerning the use of dismissal without prejudice to manufacture appellate jurisdiction. That is not an issue that we have here. It's clear that that was a final judgment that was entered in the civil docket on March 27. 150 days later would have been August 24, 2023, and their notice of appeal was not filed until, I believe, April 19, 2024. So we're well beyond the 30-day time period. Why do you say we don't have a situation of manufactured appellate jurisdiction here? The parties decided we'll dismiss the counterclaim without prejudice so we can manufacture appellate jurisdiction?  Well, I think the main reason is that It means the counterclaim is still alive so that it could be reinstated? I don't believe it can be reinstated. I mean, under the savings rule, it would be way past that. Under the savings rule? I'm sorry, the one-year refiling rule. I don't believe that it's viable to be reinstated. In any event, in all those cases that are cited by Dray Health, eventually the appellate court got the parties to agree that it would be dismissed without prejudice. Right, that's why I was asking. Certainly my client has no intention of That's not your claim, though. No, that's not my claim. No, we have no intention of reinstating counterclaim count four. Well, but it wouldn't be yours to reinstate, right? It's Dray Health's counterclaim, isn't it? Or is it your counterclaim?  Gosh, that's I thought you were the plaintiff. No, it's we were the defendants. So Dray Health actually kind of anticipatorily filed the breach of contract. So, yes, it is our counterclaim. If it's your counterclaim and you're willing to represent to us, that you are consenting to have it be deemed as dismissed with prejudice. Deemed as dismissed with prejudice. All right. For purposes of That's like the cases here. Finality, like the cases that have been discussed. So then the question is, does the application of Federal Rule 4A7 and Civil Procedure Rule 58C, is that a jurisdictional question or is it a claim processing rule? The analogy that I would draw here, saying that it is a jurisdictional rule, is to Rule 54B regarding finality of appealable judgments. The case that I don't believe was cited in my brief, but I have today, is Williams v. County of Dakota, Nebraska 687F3D1064. That's an Eighth Circuit case from 2012. The issue in that case was that the parties had agreed that the judgment, the district court had certified under 54B that a judgment regarding attorney's fees was final and appealable. And the parties did appeal from that judgment. Now on appeal, this court, on its own volition, said you can't manufacture appellate jurisdiction by consent. So just because the parties say we agree that Rule 54B, that this is properly certified as a final judgment. What's that got to do with this case? I'm analogizing. I'm sorry, maybe I skipped a step there. The jurisdictional deadline is 30 days. The question is what triggers it? Entry. The analogy is in Rule 54, what triggers appellate jurisdiction is the finality of a judgment. So we're not actually deciding on a time limit, we're deciding on what triggers the time limit. Or in the case of Rule 54, what triggers the appellate jurisdiction. So the analogy is that under Rule 54, when we're deciding is this a final judgment or not, can this court simply say, well, we don't want to follow Rule 54 in this case. We think that there are equitable reasons not to do so. Or in this case, the parties agreed that this was properly certified under Rule 54B. Now in the 2012 case of this court that I just cited, this court said the trial court did not properly apply Rule 54. Because it did not properly apply Rule 54, we have no jurisdiction here. So if they're looking at Rule 54 and saying it has to be applied correctly, and if it's not, there's no jurisdiction, then how can we say analogously under the entry rules of the Appellate Rule 4A.7 and 58C that we can simply disregard what entry means under those rules and apply some other standard. Whatever the entry standard is that Dray Health is asserting, and frankly I'm not entirely sure what that is here. But the point is that if Rule 54B is a jurisdictional rule that has to be followed, then Rule 58C and Federal Appellate Rule 4A.7 are also jurisdictional. Well, if they're not jurisdictional, which seems to be the Supreme Court's recent trend, did you forfeit or waive it? I mean, I thought you moved to dismiss the appeal. So he says you forfeited or waived your argument. Do you have a response to that?  You moved to dismiss this appeal. So you didn't forfeit or waive the court appeal. Oh, that's correct. No. Do you have a response to his argument? Yes. So the way that it came up, first of all, I want to point out what I think is the most instructive fact, is that from March 27th of 2023 until November of that year, so again beyond the 150 days, there is absolutely nothing in the district court docket. Nothing happened at all. The die was cast at that point. The 150 days elapsed, and the 30 days after that elapsed, there was nothing to be done in order to save this appeal. Does the 150 days run without a separate document, you know, the separate document rule? It does run. The 150-day rule is that if there isn't a separate document when there's one required, and I think we can all agree that in this case it would be the kind of judgment that would require a separate document. But sometimes the district court doesn't get that separate document on file. Then the 150 days rule is the stop. It's like a backstop. Exactly. If there is no separate document, the time doesn't run forever. Correct. It runs only 150 days. Correct. So the only, by the time that anything even came up about the supposed finality of this judgment, was after all of that had happened. There was nothing that Dre could have done at that point to save the appeal. The second thing that I will note is that the question about the finality of the judgment that arose in December of 2023 came up because my client began trying to collect on the judgment, on both judgments, I'm sorry, so trying to collect on this judgment that's at issue here. And Dre Health came back and said, wait, wait, wait, we don't think that this is final. Well, the concern for my client at that time was, is this judgment collectible? I'm not agreeing that it's not collectible, not final, but I'm not going to argue with Dre Health about it. If they want a separate document saying this is final, then fine, we'll do that. But it had nothing to do with the appeal, whether the appeal rights existed, whether a separate document being entered would then renew the appeal rights. It was all about the collectibility of the judgment. So saying that a judgment is final or not for purposes of appeal or for purposes of collection, it's important to understand the context in which the dispute arose. And it was about, like I said, collection. Maybe you should address the contract issues to some extent here because you've taken much of your time and you don't know how the court will come out on that. So the first point I want to make here is, like your honors, I was a bit puzzled by the lack of reference to the UCC in the district court below. But I do think it applies here. And I think that the fact that I'm pointing out that it applies here and it wasn't expressly discussed below is not a problem. The district court, first of all, it wouldn't even matter because, as Dray Health has conceded or says, that the outcome is the same under either way. And frankly, I agree with that, but I disagree with what the outcome would be. Well, let me ask this. It sounds as if, from the other argument, that the district court was confused about who issued the purchase order and when it was signed. Can you elaborate on that? Well, yeah, I don't think there's any confusion. I don't know about Dray Health. The district court may have misspoken about who issued it. Was it BRM Trades versus Dray Health? I don't think that was dispositive to the district court's finding. The dispositive issue was the fact that both parties had signed this purchase order that says, here are the terms, here's the consideration. It manifests everything that needs to be manifest to form a contract within the four corners of that purchase order document. Now, I'm now hearing that, oh, well, it wasn't actually signed on the 29th. And as Dray Health has conceded, there's no evidence in the record that it wasn't signed on the 29th. And I think that if they're going to be arguing that it wasn't signed on the 29th, that's their burden and there's nothing in the record to say otherwise. So I don't think that that argument carries the day here. Well, do you think it's important whether it was signed on the 29th? I mean, if it was signed later after the invoice came through, would that change the contract analysis? I think it would change the analysis in that we would then be looking at UCC 2207, the formation question, and applying that rule to determine what the terms of the contract were, rather than simply looking at the purchase order and then looking at whether the invoice afterwards was a modification of the purchase order. Does the purchase order have a merger clause? No, it does not. So leaving aside the question of the UCC applicability, it is the intention of the parties about whether a contract was formed, about contract formation. And like I said, the point is that the four corners of the purchase order agreement manifest everything needed for a contract. So that's the contract. And then the question then is whether the additional terms that were in the invoice apply. And as I stated in my brief, and I won't go into it unless the court has questions, there was no manifestation of assent that would be required to make the invoice a modification of the contract that had already been entered into by the parties. Briefly on the, I see I'm almost out of time, the immediacy issue, again, I think it's important that the court look at the context. We're talking about July 29th, that this purchase order was signed. There was a payment made by August 5th after that Dray Health represented that the gloves were still available. I don't understand how in that context, within seven days of the Dray Health saying, yes, please pay us this money, that that does not constitute immediacy as the parties understood it. Can I ask one more? Please do. On the jurisdictional question, I think you've gathered the court's not enamored with the manufacturing of jurisdiction and usually requires this disclaimer that you just gave that you had no intention of refiling it. My question is that how does the fact that you made the disclaimer today, does that affect or should that affect when the 150 days start? In other words, at the time, you want us to start the 150 days when it was a dismissal without prejudice. Now you're disclaiming it today, but wouldn't it have been fair for the other side to interpret that as not a final judgment? Yes. My answer to that is that while this court's case law says we are not fans of manufactured appellate jurisdiction, it's clear that a dismissal without prejudice can still be a final and appealable judgment, and that's both the U.S. Supreme Court and this court that have held that. So while this court likes to have the parties agree that these are dismissals with prejudice to assuage concerns about the finality issue, that's not actually the Supreme Court requirement that it do so. So I think that for that reason, if the Supreme Court says a dismissal without prejudice can constitute a final and appealable judgment, then that's the day that the time limit starts running. If you have no other questions, I rest. Thank you. All right. Thank you for your argument. We'll hear rebuttal. Thank you, Your Honor. When it comes to the jurisdictional question or procedural question, this absolutely was a forfeiture and waiver. I just want to be absolutely clear on this, that the issue is what was it a final judgment according to Rule 58? Counsel said the question is what triggers it, whether it was a final judgment. And what happened here was the BRM applied for a writ of garnishment. And Dray Health responded and said, no, we don't have a final judgment here. You can't get that. And instead of disputing that at that time, which they could have, and said, no, no, we have a final judgment, what they did was tell the district court three times, give us an extension of time to reply because we're working out a final judgment that we're going to give to you, district court. And then they joined with Dray Health to have a joint motion for a final judgment saying, we need a final judgment, district court. Give it to us. And the district court gave us a final judgment at that time. Now they're saying the complete opposite of what they told the district court, that there already was a final judgment. If that was the case, they shouldn't have been telling the district court the exact opposite at that time. Why is what they said at that point relevant to appellate jurisdiction? They say you weren't willing to pay until they got the separate documents. So it's in their interest to get the separate document for purposes of payment. But how does that affect appellate jurisdiction? Well, I think it affects appellate jurisdiction because the whole basis for appellate jurisdiction here is when 30 days started. And they're taking a position on when it started that is completely different than when in the district court. And I would just add that I didn't hear anything about the Hall v. Bowen case, which made absolutely clear that Rule 58 in what constitutes a final judgment is not jurisdictional. And in fact, as you alluded to, Chief Judge Colleton, the Supreme Court has become even stronger on the fact that we don't call everything jurisdictional. If this were to be jurisdictional, we would run headlong into that case law that the Supreme Court has been adamant about. This was not something jurisdictional. It could have been forfeited and waived, and it was forfeited and waived. Thank you. Unless the court has further questions, I'll submit on our briefs. Very well. Thank you. Thank you for your argument. Thank you to both counsel. The case is submitted and the court will file a decision in due course. Counsel are excused.